UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS U. CRUZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TENANTSAFE, INC., JOHN DOES 1-10, fictitious persons, and ABC CORPS. 1-10, fictitious entities,<br><br>Defendants. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff, Carlos U. Cruz ("Plaintiff"), by and through his attorneys, on behalf of himself and the classes set forth below, brings the following Class Action Complaint against the defendant Tenantsafe, Inc. ("Defendant" or "Tenantsafe") (P.O. Box 1195 Jackson, New Jersey 08527) and states:

**PRELIMINARY STATEMENT**

1.  This putative class action is brought pursuant to 15 U.S.C. § 1681 *et seq.*, more commonly known as the Fair Credit Reporting Act ("FCRA"), against a tenant screening company who routinely violates the FCRA's basic protections by failing to use reasonable procedures to ensure the maximum possible accuracy of the information reported when providing tenant screening reports which include an applicant's credit, eviction and criminal history to prospective landlords as required by § 1681(e)(b) of the FCRA.

2.  In light of the potentially determinative role that consumer reports can play regarding an applicant's housing prospects, tenant screening companies are prohibited from purchasing and reselling criminal records from third-party data sources without further verification

1

at the local court level to ensure the maximum possible accuracy of the applicant's criminal records prior to the disclosure to the user of the consumer report such as employers and landlords.

3. This requirement is critical because a tenant screening company's reporting of unverified, outdated and false information as to a consumer applicant's criminal record jeopardizes the consumer's basic right to fair housing and employment opportunities.

4. Defendant has violated § 1681(e)(b) of the FCRA by Defendant willfully and/or recklessly failing to employ these verification requirements to lower the costs of reports in order to maximize its profits and/or to increase its market share at the expense of the rights of consumers.

5. On or about July 2021, Plaintiff submitted an application with the landlord TOV USA LLC.

6. In connection with Plaintiff's housing application, TOV USA LLC procured a background screening report on Plaintiff from Defendant that disclosed inaccurate, incomplete, and outdated criminal history.

7. Specifically, Defendant disclosed that Plaintiff was admitted to pretrial diversion of an unspecified felony on August 6, 2014. In the "Description" field of the relevant felony, Defendant disclosed: "Not Specified."

8. In fact, Plaintiff successfully completed diversion and was therefore never convicted of this crime and the charges against Plaintiff were dismissed on February 6, 2015.

9. A cursory search of records from the New Jersey Superior Court Union County Criminal Division would have alerted Defendant of the final disposition: dismissal.

10. In addition, the criminal records disclosed by Defendant are outdated by almost 7-years.

11. Upon information and belief, Defendant is in the business of reselling unverified and outdated criminal records from data sources of unknown reliability. It is manifestly apparent that the criminal records disclosed on Plaintiff's report were not obtained directly from the courthouse. Rather, it was obtained from a third-party data record source and resold it to landlords without any manual verification for accuracy, outdatedness and/or completeness.

12. There have been numerous federal enforcement actions as well as civil actions related to background screening company's failure to disclose criminal records purchased directly from third-party data sources of unknown reliability.

13. This is a practice widely known within the industry as insufficient to comply with the FCRA's requirement to employ reasonable procedures to ensure *maximum possible accuracy*. Defendant knew, or should have known, that purchasing and reselling criminal records from third-party data source without further verification at the local court level cannot possibly ensure *maximum possible accuracy* as mandated by the FCRA.

14. Large background check companies nationwide routinely, and as matter of practice, always verify criminal records information it obtained from third-party data sources at the local court level before disclosure to the user of the consumer report such as employers and landlords.

15. Moreover, to enhance the accuracy of Plaintiff's report, Defendant could have employed a simple algorithm to ensure that criminal records information that omits material information such as the name of the charge cannot be disclosed to the end user without further verification.

16. As a direct result of Defendant's failure to verify public records, Plaintiff was denied housing.

17. Based on Defendant's conduct, Plaintiff asserts FCRA claims on behalf of himself and the classes defined below. Plaintiff seeks his actual damages, including denial of housing, emotional distress, and damage to his reputation as well as statutory damages, punitive damages, attorneys' fees and costs and such other and further relief as the court deems fair and equitable.

## THE PARTIES

18. Plaintiff, Carlos U. Cruz ("Plaintiff") is an individual residing in the County of Union, City of Plainview and State of New Jersey.

19. Defendant is an investigative consumer reporting agency as defined in 15 U.S. Code §1681(a)(f) and it is a routine seller of investigative consumer reports within the meaning of 15 U.S. Code §1681e.

20. Upon information and belief, Defendant is a foreign corporation duly organized and existing by virtue of the laws of the State of New Jersey.

21. Upon information and belief, defendants JOHN DOES 1-10, said names being fictitious, are individuals whose identities cannot be ascertained as of the filing of this Complaint, that contributed, directly or indirectly, to the damages sustained by Plaintiff as more fully set forth herein.

22. Upon information and belief, defendants ABC CORP. 1-10, said names being fictitious, are legal entities whose identities cannot be ascertained as of the filing of this Complaint, including, without limititation, corporations, partnerships, limited liability companies, limited liability partnerships and/or sole proprietorships, that contributed, directly or indirectly, to the damages sustained by Plaintiff as more fully set forth herein.

23. Upon information and belief, and at all times relevant to this action, the defendants JOHN DOES 1-10 and ABC CORPS. 1-10 were principals and/or agents of each other and the

named Defendant and were acting in the scope of such principal or agency relationship and with the permission and consent of the named Defendant to assist the named Defendant in the wrongful actions and/or inactions alleged in this Complaint.

## JURISDICTION & VENUE

24. The District Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1332.

25. Venue is proper in the District of New Jersey because Plaintiff resides here, applied for housing here, and because Defendant was incorporated in New Jersey.

## CLASS ACTION ALLEGATIONS AGAINST THE DEFENDANT

26. Plaintiff pleads the following class action claims against Defendant, on behalf of himself and the Class as defined below:

Selling criminal history information relating to the consumer where material information related to a criminal record is omitted such as the name of the charge.

27. Plaintiff asserts the within claims on behalf of himself and all others similarly situated (the "Class") defined as follows:

> All consumers on whom Defendant, in the two years predating the filing of this Complaint and continuing through the date the class list is prepared, sold a consumer report information where information related a criminal action is missing or disclosed as "non-specified."

28. Numerosity: The Class is so numerous that joinder of all class members is impracticable. Defendant regularly sells consumer information that is inaccurate, incomplete and not updated.

29. Typicality: Plaintiff's claims are typical of the members of the Class. Defendant routinely creates and sells background check reports for tenant screening and employment purposes and typically includes public records information which is incomplete and not updated.

5

The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and Defendant treated Plaintiff consistent with other class members in accordance with its standard policies and practices.

30. Adequacy: Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in complex class action litigation.

31. Commonality: Common questions of law and fact exists as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

   a. Whether Defendant violated 15 U.S.C 1681e(b) by disclosing inaccurate, incomplete and outdated criminal records information in its consumer reports;

   b. Whether Defendant knew or had reasonable cause to believe that it violated the FCRA by including inaccurate, incomplete and outdated criminal records information in its consumer reports;

   c. Whether Defendant's violations of the FCRA were willful;

   d. The proper measure of statutory damages; and

   e. The proper measure of punitive damages.

32. This case is maintainable as a class action because prosecution of actions by or against individual members of the Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as separate action would prospectively be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

33. Class certification is also appropriate because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Class Action stems from common and uniform policies and practices, resulting in common violations of the FCRA. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

34. Plaintiff intends to send notice to all members of the Class to the extent required under of the Federal Rules of Civil Procedure. The names and addresses of the class members are available from Defendant's records.

## FIRST CAUSE OF ACTION
**(Violation of 15 U.S.C. § 1681e(b))**
*(Plaintiff Carlos U. Cruz, individually, and on behalf of the Class)*

35. Plaintiff hereby repeats, reasserts and incorporates by reference the allegations of the preceding paragraphs as if fully set forth at length herein.

36. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing criminal convictions while omitting material information rendering the report inaccurate because it does not accurately reflect the public record status of the criminal record information set forth therein.

37. Defendant's conduct was willful and/or reckless because it knew that its failure to ensure an up to date status of an applicant's criminal record disposition is insufficient to assure maximum possible accuracy of the criminal history information reported.

38. Upon information and belief, Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

39. Alternatively, Plaintiff alleges that Defendant's herein alleged violations were negligent.

WHEREFORE, Plaintiff, Carlos U. Cruz, on behalf of himself and the Class, seeks entry of an order for judgment against Defendant as follows:

    a. Adjudging that this action may proceed as a class action against Defendant;

    b. Designating Plaintiff as representative for the Class and Plaintiff's Counsel as counsel for the Class;

    c. Issuing proper notice to the Class at Defendant's expense;

    d. Declaring that Defendant's practices violate the Fair Credit Reporting Act., 15 U.S.C. § 1681 *et seq.*

    e. Awarding statutory, compensatory, special, general, and punitive damages according to proof and as applicable against any or all Defendants;

    f. Awarding interest upon such damages as permitted by law;

    g. Awarding reasonable attorneys' fees and costs of suit as provided by law under all applicable statutes;

    h. For injunctive relief as applicable; and

    i. Granting such other and further relief as the Court deems just and equitable.

**SKOLNICK LEGAL GROUP, P.C.**
*Attorneys for Plaintiff Carlos U. Cruz*

/s/ Martin P. Skolnick
Martin P. Skolnick, Esq.
103 Eisenhower Parkway, Suite 305
Roseland, NJ 07068
ph: (973) 403-0100
martin@skolnicklegalgroup.com

April 29, 2022

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of the Class requests and demands a trial by jury as to all triable issues.

**SKOLNICK LEGAL GROUP, P.C.**
*Attorneys for Plaintiff Carlos U. Cruz*

/s/ Martin P. Skolnick
Martin P. Skolnick, Esq.
103 Eisenhower Parkway, Suite 305
Roseland, NJ 07068
ph: (973) 403-0100
martin@skolnicklegalgroup.com

Dated: April 29, 2022

## DESIGNATION OF TRIAL COUNSEL

Martin P. Skolnick, Esq. is hereby designated as trial counsel for the plaintiff in the within matter.

**SKOLNICK LEGAL GROUP, P.C.**
*Attorneys for Plaintiff Carlos U. Cruz*

/s/ Martin P. Skolnick
Martin P. Skolnick, Esq.
103 Eisenhower Parkway, Suite 305
Roseland, NJ 07068
ph: (973) 403-0100
martin@skolnicklegalgroup.com

Dated: April 29, 2022